## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| **SMITHGROUP, INC.,** | |
| Plaintiff, | **Case No.: 25-1273** |
| | **Related Case: 1:24-cv-00249-RJJ-RSK** |
| **v.** | |
| **ENVIAH P.C.,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

### COMPLAINT FOR COPYRIGHT INFRINGEMENT AND APPLICATION FOR PRELIMINARY AND PERMANENT INJUNCTION

Plaintiff, SmithGroup, Inc. ("SmithGroup"), files this Complaint for Copyright Infringement and Application for Preliminary and Permanent Injunction against Enviah, P.C. ("Enviah"), and alleges as follows:

### THE PARTIES

1.      Founded in 1853, Plaintiff SmithGroup is an internationally recognized architecture firm with over 1400 employees. SmithGroup's award-winning architecture can be found throughout the world in various sectors including government, health, education residential and workspace. In Michigan, SmithGroup holds offices at 500 Griswold St., Suite 1700, Detroit, Michigan and also at 201 Depot Street, Ann Arbor, Michigan.

2.      On information and belief, Defendant Enviah has a principal place of business and registered agent at 4765 44th St SE, Grand Rapids, Michigan. The registered agent for Enviah is Lorissa MacAllister.

1

## JURISDICTION AND VENUE

3.     This is an action for copyright infringement under the Copyright Laws of the United States. 17 U.S.C. §501.

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 (Federal Question) and 28 U.S.C. §1338(a) (Copyrights).

5.     Venue is proper in this District under 28 U.S.C. §1391(b) and (c) because the Defendant is located in this District and this District is where a substantial part of the events and omissions giving rise to the asserted claims occurred.

## FACTUAL BACKGROUND

**A.     Mary Free Bed Selects SmithGroup to Architect the Pediatric Rehabilitation Expansion Project**

6.     In December 2022, Mary Free Bed selected SmithGroup to provide architectural services for Mary Free Bed's expansion of its pediatric rehabilitation hospital. On March 6, 2023, Mary Free Bed issued the following announcement:



**B.    SmithGroup Registered Its Architectural and Survey Materials for the Pediatric Rehabilitation Expansion Project with the U.S. Copyright Office**

7.    SmithGroup's registered its architectural and survey materials for the pediatric rehabilitation expansion project with the U.S. Copyright Office.

8.    As reflected in the copyright registration certificate at Exhibit 1, SmithGroup is the exclusive legal owner of a valid and enforceable copyright in its architectural work under 17 U.S.C.

102(a)(8) for the 3-Story Block Scheme for the pediatric rehabilitation expansion project, Registration No. VA 2-385-812, issued March 7, 2024 with an effective date of January 12, 2024.

9.     As reflected in the copyright registration certificate at Exhibit 2, SmithGroup is the exclusive legal owner of a valid and enforceable copyright in its architectural work under 17 U.S.C. 102(a)(8) for the L Scheme of the pediatric rehabilitation expansion project Registration No. VA 2-385-810, issued March 7, 2024 with an effective date of January 24, 2024.

10.     As reflected in the copyright registration certificate at Exhibit 3, SmithGroup is the exclusive legal owner of a valid and enforceable copyright in its architectural work under 17 U.S.C. 102(a)(8) for the Topographic Survey of the pediatric rehabilitation expansion project Registration No. VA 1-563-535, issued September 16, 2025 with an effective date of September 2, 2025.

11.     SmithGroup's copyright registrations (collectively SmithGroup's "Registered Works") are representative of its copyrighted materials relating to the pediatric rehabilitation expansion project.

**C.     SmithGroup Provided its Copyrighted Materials to Enviah**

12.     Enviah, as a representative of Mary Free Bed in connection with the pediatric rehabilitation hospital expansion project, received SmithGroup's copyrighted materials between January and September 2023.

13.     Enviah received email communications from SmithGroup including SmithGroup's copyrighted materials.

14.     Enviah had access to a Microsoft Teams account that SmithGroup hosted and administered for the pediatric rehabilitation expansion project ("SmithGroup Teams Account"). SmithGroup uploaded to the SmithGroup Teams Account its copyrighted materials, including dozens of architectural renderings, surveys, sketches, site planning and other materials for the pediatric rehabilitation expansion project.

15.    Representatives from Enviah regularly accessed the SmithGroup Teams Account to view and download SmithGroup's copyrighted materials.

16.    Representatives from Enviah held numerous Microsoft Teams and in-person meetings with SmithGroup between January and September 2023 during which SmithGroup's copyrighted materials were presented and discussed.

**D.    Mary Free Bed Terminated SmithGroup, but Enviah Continued Using SmithGroup's Copyrighted Materials**

17.    On September 8, 2023, Mary Free Bed exercised its right to terminate its relationship with SmithGroup.  From that point on, neither Mary Free Bed nor Enviah had the right to use or distribute SmithGroup's copyrighted materials.

18.    On September 11, 2023, Mary Free Bed sent a Request for a Proposal to Pure Architects, which calls for Enviah sharing of SmithGroup's copyrighted materials with Pure Architects.

19.    Subsequent to the September 11, 2023 Request for Proposal, Enviah, on many occasions, shared SmithGroup's copyrighted materials with Pure Architects.

20.    On October 4, 2023, for example, Enviah shared SmithGroup's conceptual designs with Pure Architects and Cellagr.

21.    On October 17, 2023, Enviah shared SmithGroup's adjacency diagrams with Pure Architects.

22.    As another example, on November 14, 2023 Enviah uploaded to SharePoint information regarding SmithGroup's survey.

**E.**    **SmithGroup Brought a Copyright Infringement Claim Against Mary Free Bed and Pure Architects in the District Court for the Western District of Michigan, and Filed a Demand for Arbitration with the AAA**

23.    On March 11, 2024, SmithGroup brought a copyright infringement claim, along with an application for preliminary and permanent injunction against Mary Free Bed and Pure Architects in the District Court for the Western District of Michigan. *See SmithGroup, Inc. v. Pure Architecture and Development, PLLC & Mary Free Bed Rehabilitation Hospital, Inc.*, No. 1:24-cv-249, ECF No. 1 (W.D. Mich. Mar. 11, 2024) (Jonker J.).

24.    Simultaneously, pursuant to its architectural agreement with Mary Free Bed, SmithGroup filed its initial demand for arbitration with the American Arbitration Association for breach of contract.

25.    On March 28, 2024, Mary Free Bed and Pure Architects moved to dismiss SmithGroup's Complaint under Fed. R. Civ. P. 12(b)(6) and alternatively sought to compel arbitration.

26.    On March 29, 2024, Mary Free Bed filed its Arbitration Answering Statement and Counterclaim or Joinder/Consolidation Request with the American Arbitration Association.

27.    Under Exhibit B of its Answering Statement and Counterclaim or Joinder/Consolidation Request Mary Free Bed "elect[ed] to join Pure Architects to the arbitration," and stated that "Pure Architects has consented to be joined in the arbitration."

28.    On May 8, 2024, Judge Jonker of the District Court for the Western District of Michigan granted Mary Free Bed and Pure Architects' "motion to the extent it [sought] to compel arbitration and stay[ed the District Court's] case." *SmithGroup, Inc. v. Pure Architecture & Dev., PLLC*, No. 1:24-CV-249, 2024 WL 3179176, at *1 (W.D. Mich. May 8, 2024) (Jonker J.).

6

**F.     Enviah Asserted it is Not Subject to an Arbitration Obligation with SmithGroup and Refused to Join the Ongoing Arbitration**

29.     On September 19, 2025, SmithGroup moved to add Enviah to the arbitration as a respondent due to its repeated infringement of SmithGroup's copyrights following Mary Free Bed's termination of SmithGroup.

30.     On September 23, 2025, counsel for Enviah informed SmithGroup that "Enviah has not consented to arbitration and does not currently intend to do so."

31.     A true and correct copy of the correspondence between counsel for SmithGroup and Enviah is attached as Exhibit 4.

32.     On September 25, 2025, counsel for SmithGroup responded to counsel for Enviah stating that "[b]ased on your assertion [] on behalf of your client, Enviah P.C., that 'Enviah has not consented to arbitration and does not currently intend to do so,' SmithGroup will proceed to file a complaint in the Western District of Michigan against Enviah for copyright infringement."

**CLAIM FOR COPYRIGHT INFRINGEMENT**

33.     SmithGroup incorporates by reference the allegations contained in the foregoing paragraphs.

34.     SmithGroup's Registered Works relating to the pediatric rehabilitation hospital expansion project are creative works of original authorship owned by SmithGroup.

35.     As of at least September 8, 2023, Enviah was not authorized to copy, reproduce, prepare derivative works based upon, or distribute the SmithGroup's Registered Works.

36.     Since at least September 8, 2023, Enviah has improperly copied, reproduced, and distributed the SmithGroup's Registered Works without permission.

37.     Enviah, through its unauthorized use of the Registered Works, knowingly and willfully infringed and continues to infringe SmithGroup's exclusive copyrights in the Registered Works in violation of 17 U.S.C. § 501 *et seq*.

38.     As a result of the foregoing, SmithGroup is entitled to damages pursuant to 17 U.S.C. § 504.

39.     Unless the Court enjoins and restrains Enviah's infringing use of the Registered Works, SmithGroup will suffer irreparable and immediate injury and loss and damage for which SmithGroup has no adequate remedy at law.

40.     Pursuant to 17 U.S.C. § 502, SmithGroup is entitled to temporary, preliminary, and permanent injunctive relief enjoining Enviah from continuing its infringing use of the Registered Works.

41.     Pursuant to 17 U.S.C. § 503, SmithGroup is entitled to remedy of seizure and impounding of all materials used in violation of SmithGroup's exclusive copyright.

42.     Pursuant to 17 U.S.C. § 503, following final disposition of the case, SmithGroup is entitled to a Court Order requiring destruction or other reasonable disposition of all copies found to have been in violation of SmithGroup's exclusive rights.

43.     Pursuant to 17 U.S.C. § 504, SmithGroup is entitled to an accounting of all gains, profits, and advantages derived by Enviah's infringement of SmithGroup's copyrights.

44.     Pursuant to 17 U.S.C. § 505, and due to Enviah's infringement of SmithGroup's copyrights, SmithGroup is entitled to an award of its attorneys' fees and expenses of litigation.

### APPLICATION FOR PRELIMINARY AND PERMANENT INJUNCTION

45.     SmithGroup incorporates by reference the allegations contained in the foregoing paragraphs.

46.     SmithGroup requests the Court preliminarily enjoin and restrain Enviah, its employees and all persons acting under, and in concert with, or for them, from any and all continued use of SmithGroup's Registered Works, including but not limited to the creation, copying, distribution and publication of renderings utilizing SmithGroup's Registered Works and derivative works thereof.

47.     SmithGroup's allegations above establish copyright infringement arising from Enviah's unauthorized copying and distribution of SmithGroup's Registered Works. For these reasons, SmithGroup is likely to succeed at trial on its copyright claim.

48.     SmithGroup is and will continue to be irreparably harmed by Enviah's uncontrolled and unauthorized use of its copyrighted material in a manner that cannot be compensated by legal damages.

49.     Money damages that might be awarded to SmithGroup due to Enviah's copyright infringement will not prevent or account for SmithGroup's likely loss of reputation and clientele arising from the ongoing copyright infringement. This ongoing harm to SmithGroup is difficult or impossible to quantify, causing irreparable harm for which there is no adequate remedy at law.

50.     Entry of preliminary and permanent injunctive relief preventing Enviah from continued improper use, copying, and distribution of SmithGroup's Registered Works will have no undue impact on Enviah.

51.     The public interest strongly favors the protection and preservation of SmithGroup's exclusive copyrights to its original work of authorship, as mandated in Article III of the U.S. Constitution. And the public interest is not hampered by the prohibition against the continued improper use, copying, and distribution of SmithGroup's copyrighted subject matter.

52.    For these reasons, SmithGroup is entitled to, and hereby requests, the Court preliminarily and permanently enjoin and restrain Enviah, its employees and all persons acting under, and in concert with, or for them, from any and all continued use of SmithGroup's Registered Works, including but not limited to the creation, copying, distribution and publication of renderings utilizing SmithGroup's Registered Works and derivative works thereof.

### PRAYER FOR RELIEF

WHEREFORE, the SmithGroup pray for judgment as follows:

a.   That the Court enter judgment in favor of SmithGroup pursuant to 17 U.S.C. § 501 finding that Enviah has infringed SmithGroup's copyrights;

b.   That pursuant to 17 U.S.C. § 502 the Court preliminarily and permanently enjoin Enviah, its employees and all persons acting under, and in concert with, or for them, from any and all continued use of SmithGroup's Registered Works, including but not limited to the creation, copying, distribution and publication of renderings utilizing SmithGroup's Registered Works or derivative works thereof;

c.   That pursuant to 17 U.S.C. § 503 the Court order the impounding of all SmithGroup Registered Works in the possession, custody or control of Enviah;

d.   That pursuant to 17 U.S.C. § 504 the Court award SmithGroup damages, to the extent they can be calculated, resulting from Enviah's copyright infringement, together with interest (both pre and post-judgment) and costs;

e.   That pursuant to 17 U.S.C. § 505 the Court award SmithGroup its full costs and attorney fees incurred in this matter;

f.   That the Court provide for trial by jury on all issues triable by jury; and

g.   That the Court grant such other and further relief in law or in equity to which SmithGroup may be entitled.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b) and 5(d), Plaintiff SmithGroup demands a jury trial of all issues triable by jury.

Dated:  October 21, 2025

Respectfully submitted,

*/s/ John S. LeRoy*
John S. LeRoy (P61964)
**BROOKS KUSHMAN P.C.**
150 W. Second St., Suite 400N
Royal Oak, MI 48067-3846
Telephone: (248) 358-4400
Fax: (248) 358-3351
Email: jleroy@brookskushman.com

*Attorneys for Plaintiff*